# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD HAZZOURI and KIMBERLY HAZZOURI,** | No. 3:18cv1982 |
| Plaintiffs | |
| | (Judge Munley) |
| v. | |
| **WEST PITTSTON BOROUGH, LUZERNE COUNTY, PENNSYLVANIA,** | |
| Defendant | |

## MEMORANDUM

Before the court are motions to dismiss both the original and amended complaints in this due process violation case. (Docs. 3, 7). Also before the court is plaintiffs' subsequent motion for leave to amend their complaint. (Doc. 11). All three motions have been fully briefed and are ripe for disposition.

**Background**

Plaintiffs Richard Hazzouri and Kimberly Hazzouri owned property located in West Pittston Borough, Luzerne County, Pennsylvania, which they used as their primary residence. (Doc. 1, Compl. ¶ 17). Plaintiffs' property was substantially damaged in 2011 as a result of flooding caused by Hurricane Irene and Tropical Storm Lee. (Id. ¶ 19).

Because of the county-wide damage sustained from Hurricane Irene and Tropical Storm Lee, Luzerne County submitted a request to the United States

Department of Housing and Urban Development for the release of a Community Development Block Grant Disaster Recovery to undertake a project known as the Luzerne County Flood Disaster Project (hereinafter "Project"). (Id. ¶ 11). The Project was created to acquire and demolish a number of properties in participating municipalities throughout Luzerne County in order to remove flood damaged structures. (Id. ¶ 12). West Pittston Borough was identified as a participating municipality for the Project. The Luzerne County Office of Community Development (hereinafter "OCD"), which oversaw the Project, adopted a Disaster Recovery Buyout Operations Plan (hereinafter "Plan"). (Id. ¶ 13).

Although the plaintiffs owned property within West Pittston Borough, the plaintiffs did not know about the Project until August 20, 2017, when they learned of its existence through friends. (Id. ¶ 26). Plaintiffs immediately contacted OCD, at which time they were informed that the Project was entering its final stage, thus the plaintiffs would have to contact West Pittston Borough for approval to apply. (Id. ¶ 29). Upon receiving approval, the plaintiffs filed their application for relief under the Project on January 30, 2018. (Id. ¶ 24).

On March 6, 2018, OCD informed the plaintiffs that because they did not apply for relief until the closing phase of the Project, it was unlikely that they would be selected for a buyout. (Id. ¶ 34). Plaintiffs' property was assigned to a

2

"waiting list." (Id. ¶ 36). In the meantime, the plaintiffs discovered that another buyout program existed, a mitigation grant program being administered by the Luzerne County Flood Protection Authority (hereinafter "FPA"). (Id. ¶ 38). The FPA advised the plaintiffs that it had received a number of applications for participation from residents of West Pittston Borough and that their request would also be included. (Id. ¶ 40). On April 3, 2018, however, the FPA advised the plaintiffs that West Pittston Borough would not agree to allow the plaintiffs to participate in the FPA Program. (Id. ¶ 43). Consequently, the plaintiffs did not obtain a buyout. (Id. ¶ 44).

Based on the foregoing allegations, plaintiffs filed the instant complaint in the Court of Common Pleas for Luzerne County claiming denial of Procedural Due Process pursuant to 42 U.S.C. § 1983, denial of Substantive Due Process pursuant to 42 U.S.C. § 1983, and denial of Equal Protection of the Law pursuant to 42 U.S.C. § 1983. This matter was removed to this court on October 12, 2018. The parties have since filed several motions, which we will address below.

**Jurisdiction**

Because this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

As noted above, the defendant removed this action to the Middle District of Pennsylvania on October 12, 2018. On October 19, 2018, the defendant filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiffs have failed to state a claim upon which relief may be granted. (Doc. 3). The defendant filed its brief in support of that motion on November 2, 2018. (Doc. 4). On November 11, 2018, in lieu of a responsive brief, the plaintiff filed an amended complaint. (Doc. 6). The defendant then moved to dismiss the plaintiffs' amended complaint, arguing that plaintiffs' amended complaint was untimely filed. (Doc. 7). Subsequently, on December 4, 2018, the plaintiffs filed a motion to amend their original complaint in the event we determine that the filing of the amended complaint was indeed untimely. (Doc. 11).

The parties agree that a plaintiff may amend the complaint once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(A)(1)(B). Thereafter, a plaintiff must obtain leave of the court to amend the complaint. FED. R. CIV. P. 15(A)(2). Here, the plaintiffs, in response to the defendant's first motion to dismiss, attempted to amend their complaint 23 days after service of the defendant's motion to dismiss. Thus, we agree with the

4

defendant that plaintiffs' amended complaint (Doc. 6) was untimely filed. We will grant the defendant's motion to dismiss the plaintiffs' amended complaint.

We now turn to the plaintiffs' motion to amend. The defendant argues that we should deny the plaintiffs' motion to amend because plaintiffs' counsel has demonstrated a "bad faith" motive for the amendment. Specifically, the defendant directs our attention to a letter written by plaintiffs' counsel to defense counsel on November 7, 2018, in which, according to the defendant, plaintiffs' counsel implies that the amended complaint is "retaliation" for the defendant challenging the original complaint with a motion to dismiss. The defendant contends that an argumentative tone permeates the letter and that the plaintiffs are trying to "weaponize[e] their litigation by bringing in additional parties . . . with the motive of presumably pressuring the original Defendant into a resolution favorable to the Plaintiffs." (Doc. 15, Def.'s Br. in Opp. to Mot. to Amend at 6). In response, the plaintiffs argue that they are within their right to add additional defendants at this very early stage in the litigation, and that the additional claims proposed in the amended complaint are simply a result of arguments raised by the defendant in its first motion to dismiss.

District courts are instructed to "freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(A)(2). In discussing the requirement that leave to amend be freely given, the Supreme Court has held that "[i]f the

underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). District courts are justified in denying leave to amend when the movant has unduly delayed the case, when the movant seeks leave in bad faith or with a dilatory motive, when granting leave would unduly prejudice the other parties, and when the amendment would prove futile. See Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995) (citing Foman, 371 U.S. at 182).

    At this early stage in litigation, we agree with the plaintiffs that justice so requires that they be granted leave to amend their complaint. We have reviewed the November 7, 2018, letter and, while declining to engage in a speculative analysis as to the author's tone, view the letter as a factual layout of the steps that the plaintiffs intended to take given the filing of the defendant's motion to dismiss. We do not find that this letter suggests "bad faith" on the part of the plaintiffs simply because they wish to add additional claims and parties to the lawsuit. Further, discovery has yet to commence in this matter, and the defendant has not alleged that the proposed amendments would be futile. Thus, we will grant the plaintiffs' motion to amend. Plaintiffs will have seven (7) days to refile their amended complaint.

Finally, we will deny the defendant's motion to dismiss plaintiffs' original complaint as moot upon the filing of plaintiffs' amended complaint.

**Conclusion**

Accordingly, the defendant's motion to dismiss plaintiff's amended complaint against West Pittston Borough will be granted. Plaintiffs' motion for leave to file a new amended complaint will be granted. Defendant's motion to dismiss plaintiffs' original complaint will be denied. An appropriate order follows.

**BY THE COURT:**

**Date: January 15, 2019**         **s/ James M. Munley_____
JUDGE JAMES M. MUNLEY
United States District Judge**