IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HAZZOURI and KIMBERLY HAZZOURI, | : | No. 3:18cv1982 |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WEST PITTSTON BOROUGH, THE LUZERNE COUNTY OFFICE OF DEVELOPMENT; JUDY AITA; JAMES BUTERA and ELLEN QUINN, individually and in their capacity as members of the West Pittston Borough Council; and THOMAS BLASKIEWICZ, individually and in his capacity as Mayor of West Pittston Borough, | : | |
| Defendants | : | |

............................................................................................................................

## **MEMORANDUM**

Before the court for disposition is a motion for reconsideration, filed by the following defendants in this matter: West Pittston Borough; Judy Aita; James Butera; Ellen Quinn; and Thomas Blaskiewicz (collectively, "defendants").[1] (Doc. 67). The defendants' motion challenges the court's September 10, 2019 memorandum and order that denied their qualified immunity defense at the motion to dismiss stage. (Docs. 64 & 65). Also pending before the court is a

---

[1] The only non-moving defendant, the Luzerne County Office of Community Development, filed an answer to the amended complaint on October 3, 2019 through separate counsel. (Doc. 74).

motion to stay discovery pending the resolution of the qualified immunity issue raised by the defendants. (Doc. 69). Having been fully briefed by the parties, these motions are ripe for disposition.

**Background**

The facts giving rise to this action stem from the defendants' administration of the Luzerne County Flood Disaster Project (hereinafter "Project") and Disaster Recovery Buyout Operations Plan (hereinafter "Plan"), which allegedly violated the plaintiffs' due process and equal protection rights.[2] On September 9, 2019, the court issued a memorandum (Doc. 64) and order (Doc. 65) denying the defendants' respective motions to dismiss the plaintiffs' amended complaint (Docs. 21, 36, 37, 38, 39, & 40). Of relevance here, the court denied the defendants' motion to dismiss on qualified immunity grounds "without prejudice to the individual defendants' right to reassert the qualified immunity defense in a motion for summary judgment based on a more fully developed record." (Doc. 64 at 27-29). On September 24, 2019, the defendants filed a motion for reconsideration along with a brief in support thereof. (Docs. 67 & 68). The same day, the defendants also filed a motion to stay discovery pending the court's reconsideration of its September 10, 2019 memorandum and order. (Docs. 69 &

---

[2] As the parties are already familiar with the facts underlying this case, which have been summarized at length in the court's previous memorandum (Doc. 64), they will not be further addressed here.

2

70).  The plaintiffs filed opposing briefs to both motions on October 2, 2019. (Docs. 72 & 73).  The defendants then filed their respective reply briefs on October 16, 2019, (Docs. 76 & 77), bringing this case to its present posture.

**Standard of Review**

The present motion asks the court to reconsider its September 10, 2019 memorandum and order denying the defendants' motion to dismiss on the basis of qualified immunity.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir. 1985); Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Max's Seafood Cafe, 176 F.3d at 677.  A motion for reconsideration is not a proper vehicle merely to attempt to convince the court to rethink a decision it has already made.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); accord In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) ("It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." (quoting Glendon Energy, 836 F. Supp. at 1122)).

3

**Discussion**

In their motion for reconsideration, the defendants argue that the court erred in failing to duly consider the issue of qualified immunity at the earliest possible stage in litigation. (Doc. 68 at 10). Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 102 (1982). "In considering whether qualified immunity attaches, courts perform a two-pronged analysis to determine: (1) 'whether the facts that the plaintiff has alleged make out a violation of a constitutional right,' and (2) 'whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct.'" Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017), cert. denied, 138 S. Ct. 1990 (2018) (quoting Pearson v. Callahan, 555 U.S. 223, 232 (2009)). With respect to the second, "clearly established" prong, the United States Court of Appeals for the Third Circuit has explained:

> [I]t need not be the case that the exact conduct has previously been held unlawful so long as the "contours of the right" are sufficiently clear, [Anderson v. Creighton, 483 U.S. 635, 640 (1987)], such that a "general constitutional rule already identified in the decisional law" applies with "obvious clarity," [Hope v. Pelzer, 536 U.S. 730, 741 (2002)]. "If the unlawfulness of the defendant's conduct would have been apparent to a reasonable official based on the current state of the law, it is not necessary that there be binding precedent from this circuit so advising." Brown v. Muhlenberg Twp., 269 F.3d 205, 211 n.4 (3d Cir. 2001). "[O]fficials can still be on notice that their conduct

4

> violates established law even in novel factual circumstances," because the relevant question is whether the state of the law at the time of the events gave the officer "fair warning." Hope, 536 U.S. at 741 . . . .

Kedra, 876 F.3d at 450.

Upon review, the defendants' motion for reconsideration is not based on an intervening change in controlling law or new evidence not previously available. Rather, the defendants argue that the court committed a manifest error of law by failing to apply the proper qualified immunity analysis. (Doc. 68 at 5). Specifically, the defendants contend that the court provided too general a conclusion regarding the constitutional right at issue and framed the "clearly established" prong with insufficient specificity. (Id. at 9). The defendants also assert that the court erred in failing to request a more definite statement from the plaintiffs, if necessary, to facilitate the assessment of the qualified immunity question "at the earliest possible stage in litigation." (Id.)

The court is not persuaded by the defendants' contentions. In the September 9, 2019 memorandum, the court found that, when taken as true, the plaintiffs had plausibly alleged that the "defendants violated the plaintiffs' constitutional rights by depriving them of a protected property interest." (Doc. 64 at 28). The court additionally noted that, based on the factual allegations and issues, qualified immunity did not exist as a matter of law. (Doc. 64 at 28-29). While recognizing that further factual development may impact its analysis, the

court concluded that a finding of qualified immunity was inappropriate at the pleading stage of the proceedings. (Id.); see also Reilly v. City of Atl. City, 532 F.3d 216, 234 (3d Cir. 2008) ("A decision on qualified immunity . . . 'will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis.'" (quoting Wright v. City of Philadelphia, 409 F.3d 595, 599 (3d Cir. 2005)); Kovats v. Rutgers, The State Univ., 822 F.2d 1303, 1313 (3d Cir. 1987) (finding that a qualified immunity determination was premature when the "legal issues [were] inextricably intertwined with the factual issues," and evidence as to whether the plaintiffs possessed a protected property right impacted whether the defendants violated a clearly established due process right). Thus, as the court carefully evaluated the issue of qualified immunity in its previous memorandum, the defendants have failed to meet their burden on a motion for reconsideration. See Easley v. Cromartie, 532 U.S. 234, 242 (2001) (holding that a finding of clear error requires a "definite and firm conviction that a mistake has been committed." (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948))); Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (holding that a motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made).

The defendants also argue that, if needed to aid in the early resolution of the qualified immunity issue, the court erred in failing to request a more definite statement from the plaintiffs. (Doc. 68 at 9). When a pleading is so deficient that "a qualified immunity defense cannot reasonably be framed," the Third Circuit has held that a district court may: (1) "order the plaintiff to reply to the defendant's answer pleading qualified immunity"; and (2) "grant a defense motion for a more definite statement under FED. R. CIV. P. 12(e)." See Thomas v. Indep. Twp., 463 F.3d 285, 289 (3d Cir. 2006). Beyond these discretionary procedural options, "summary judgment remains a useful tool for precluding insubstantial claims from proceeding to trial." (Id. at 301). Here, the court thoroughly considered the plaintiffs' factual allegations, found that the claims in the amended complaint survived dismissal, and determined that a finding of qualified immunity was premature at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that, to defeat a motion to dismiss, a complaint need only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Accordingly, given the factual sufficiency of the amended complaint, the court is not convinced by the defendants' argument.

For these reasons, the defendants' motion for reconsideration will be denied. In addition, the court will deny the defendants' motion for a stay of discovery pending resolution of the qualified immunity issue as moot.

**Conclusion**

The defendants' motion for reconsideration (Doc. 67) and motion for a stay of discovery (Doc. 69) will be denied. An appropriate order follows.

**BY THE COURT:**

**Date: November 13, 2019**     **s/ James M. Munley**
                                 **JUDGE JAMES M. MUNLEY**
                                 **United States District Judge**